CRUTCHFIELD et al. v. BOGLE et al.
No. 35872.

Supreme Court of Oklahoma.

May 11, 1954.

Robert W. Booth, Covington & Donovan, Tulsa, for petitioners.

L. Keith Smith, Jay, George Pitcher, Vinita, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award of death benefits under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., made by the State Industrial Commission to Lola M. Bogle, as claimant, against Vernon Crutchfield, employer, and United States Fidelity and Guaranty Company, his insurance carrier, as respondents, for the death of claimant's husband, John H. Bogle. The parties will be referred to as they appeared before the Commission.

The deceased, John H. Bogle, was employed by the respondent, Vernon Crutchfield, in the work of clearing a right-of-way for a rural electrification transmission line. His work was on a tractor with a bulldozer attached and he was engaged in pushing the felled timber out of the right-of-way. On May 2, 1952, at about 3:30 o'clock in the afternoon, a violent rain and electrical storm occurred in the area where the deceased and one Dorthern Eugene Melton were working together. A short time later the bodies of the two men were found under a large oak tree, their feet almost together at the foot of the tree and their bodies extending in opposite directions. They had been killed by a bolt of lightning. Some thirty feet away stood the tractor with motor still running.

Claimant filed a claim for death benefits under the Workmen's Compensation Law, she being the widow of the deceased Bogle who had no children. In her claim, she stated that "Lola M. Bogle has also been appointed Administratrix of the Estate of John H. Bogle, deceased." The State Industrial Commission made an award to her and the respondents have filed this proceeding to review the same. A proceeding to review the award made for the death of the said Melton has also been filed in this court opposite number 35, 873. It involves other issues with which we are not here concerned.

The first proposition herein is founded upon the failure of claimant to make proof of her appointment as administratrix of her husband's estate. From the record, it is uncertain as to a stipulation with regard to the appointment. However, the claim contained the above quoted allegation or statement of claimant's authority and that allegation is not controverted by the unverified answer. Although the rules of pleading in proceedings before the Commission are very liberal, we have held that where an allegation in the claim is not denied or put in issue, it is presumed that the fact alleged exists. R.S. Smith Const. Co. v. Swindell, 185 Okl. 35, 89 P.2d 947. It is also a settled rule of pleading, in actions generally, that, by reason of the provisions of 12 O.S.1951 § 286, an allegation of appointment as executrix is taken as true, in the absence of a verified denial of the allegation. Davis v. Rowland, 206 Okl. 257, 242 P.2d 716. Claimant in the present case had a right to rely upon those established rules of law in the absence of any attack by respondents, either in the pleadings or in the evidence. It is readily apparent that this is not an analogous situation to that in the case of E. G. Nicholas Const. Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221, cited and relied upon by the respondents in the present case. In the cited case, the claim was filed by the mother as sole next of kin of the deceased and there was no allegation or proof that the deceased left

no widow nor that no administrator had been appointed for his estate.

■ The other proposition, argued by respondents, is that the accidental injury did not arise out of the employment. The same argument was presented to this court in the only other case heretofore before us wherein the accidental injury was caused by a stroke of lightning. Consolidated Pipe Line Co. v. Mahon, 152 Okl. 72, 3 P.2d 844, 853. Therein it was held that:

" * * * stroke by lightning is 'accidental injury' arising out of and during the course of the employment, if nature of employment exposes workman to risk of such injury; (3) although the risk may be common to all who are exposed to the elements during a sudden and unexpected violent thunderstorm accompanied by lightning and rain, the question is whether the employment exposes the employee to the risk; (4) if the employment exposes the employee to peculiar danger and risk of being struck by lightning more than others in the same locality are so exposed, and the employee is struck by lightning while in the discharge of his duties, and sustains an accidental personal injury covered by the terms and provisions of the Workmen's Compensation Law, then he may recover compensation for such accidental injury; * * *."

■ In the case at bar, the evidence is entirely circumstantial but it points clearly to only one conclusion. The deceased and Melton were at the place where their work required them to be when the thunderstorm came up. They left the tractor running and stepped under a nearby tree for protection. A bolt of lightning struck the tree and killed them. The tree under which they sought refuge was on the right-of-way being cleared and was later removed. They were at their working place and performing the duties of their employment except as temporarily interrupted by the elements. The argument is made that some distance away there was a house that would have afforded a safer shelter or that standing under smaller trees would have been safer. Such argument is immaterial in a claim under the Workmen's Compensation Law since the defenses of contributory negligence and assumption of risk are not available. The deceased, because of the requirements of the employment, was exposed to peculiar danger and risk of being struck by lightning more than others in the same locality were exposed. That brings the situation clearly within the application of the rules and reasoning in the Consolidated Pipe Line Co. v. Mahon case, supra.

The award is sustained.