Joseph E. COOK, Jr., Petitioner,

v.

Rex L. CLINKENBEARD, Respondent,

Mid-Continent Casualty Company,
Insurance Carrier.

No. 46410.

Supreme Court of Oklahoma.

June 25, 1974.

John W. Taber, Chandler, for petitioner.

Ogden, Ogden, Board & Lee by Jim W. Lee, Guymon, for respondent and insurance carrier.

IRWIN, Justice.

Petitioner [claimant], seeks review of an order denying his claim for compensation for the stated reason he failed to give "either statutory written notice or actual notice" within 30 days of the alleged injury.

Claim for compensation was filed November 12, 1971, alleging accidental injury on August 26, 1971, while working as a machinist for respondent in covered employment. On December 10, 1971, respondent filed answer denying occurrence of accidental injury or resulting disability. The case was heard April 4, 1972, on the issue of claimant's entitlement to temporary compensation and medical expense.

There was lengthy evidentiary presentation, particularly as concerned facts of in-

jury and subsequent medical treatment. While describing work activity and injury claimant stated respondent was present when injury occurred and inquired concerning claimant's need for medical assistance. From this point in the proceedings the parties delved into extent of respondent's knowledge and information of accidental injury and ensuing medical problems at length. Upon conclusion of testimony on April 4, 1972, the case was continued in order that each party could perfect the medical evidence.

On April 5, 1972, the trial judge granted respondent's leave to file amended answer. This record contains no showing, whatsoever, that prior to April 5, 1972, there was any agreement, request for, or authority granted for the amended answer. This pleading adopted defenses presented originally, but further denied claimant gave statutory or "actual notice", and affirmatively alleged failure to give statutory written notice had resulted in prejudice to respondent. Thereafter the medical evidence was furnished.

December 8, 1972, the trial judge entered an order finding claimant had sustained accidental personal injury as alleged, but denied the claim upon ground of failure of notice. This order was affirmed by State Industrial Court on en banc appeal.

The decisive question on review concerns propriety of the order, based upon specific finding concerning failure of notice, in view of this record. Respondent defends correctness of the order under claim the amended answer filed out of time sufficiently presented issue of claimant's failure to give statutory written notice. Purported authority for this contention rests upon decisions in Atkins v. Colonial Baking Co., Okl., 287 P.2d 450; Dye v. Ed Johnson Grain Co., Okl., 319 P.2d 1004, and Jones v. Cale, Okl., 467 P.2d 492.

These decisions are not authority for respondent's argument. Each case involved the failure to file an answer within 10 days as required, and we approved the State Industrial Court's relaxation of its own rules to permit inclusion of a defense permissible in the first instance. Inapplicability of this principle to the problem presented by this review is apparent.

The real question presented concerns the correctness of procedure involved in allowing an amended answer after the close of an evidentiary hearing, which advanced a defense required to be asserted affirmatively.

Claimant's principal contention insists failure to give statutory notice required by the Act [85 O.S.1971 § 24] must be affirmatively alleged or same is waived. Recognition of the arguments based upon matters reflected by this record provoke two inquiries. The first concerns effect of respondent's failure to allege failure of written notice as required by State Industrial Court Rule 10, and decisional law applicable to this failure. The second involves propriety of allowing amendment of pleadings to correct this deficiency after hearing the cause.

In Woods v. Okla. Osteopathic Hospital, Okl., 512 P.2d 135, we reiterated the notice provision of § 24, supra, is not jurisdictional. For this reason failure to give written notice cannot be asserted as a defense when this question has not been placed in issue. State Industrial Court Rule 10 clearly requires assertion of any defensive matter, other than nature and extent of disability, in the answer filed. Respondent's first answer denied injury and disability without reference to any other defense.

In Woods we pointed out that Rule 10 evolved from the settled requirement that State Industrial Court must make specific finding of ultimate facts responsive to issues raised and conclusions of law upon which the order rests. Where an allegation in the claim is not denied or put in issue it is presumed the facts alleged exist. Crutchfield v. Bogle, Okl., 270 P.2d 640. Where an issue concerning notice is affirmatively raised in the answer, a finding must be made excusing failure before an award can be entered; but where no

such defense is affirmatively asserted, an order which excuses failure of notice, or which refuses to excuse failure, is unnecessary and outside ultimate facts responsive to issues. Upon authority of Woods, supra, respondent's failure to timely invoke the issue, by affirmatively alleging lack of statutory notice, provides bases for presumption notice was given.

These matters provoke need for considering propriety of trial court's action in granting leave to file amended answer under circumstances disclosed by the record. Rules of pleading in cases before State Industrial Court recognizably are very liberal. Crutchfield v. Bogle, supra. Since 1959, State Industrial Court has been a court of record, 85 O.S.1971 § 91(b). Where that court has not promulgated rules governing pleading and practice, rules applicable to district courts in civil cases govern proceedings. State Industrial Court Rule 2.

 Trial court authority to allow amendment of pleadings is granted under 12 O.S.1971 § 317. Settled decisional law confirms the principle that amendment of pleadings is discretionary with the trial court. Provisions of the statute, supra, and decisions which construe and apply the statute, limit exercise of this discretion by requiring that an amended pleading must not " * * * change substantially the claim or defense * * *". Proposed amendments which change a cause of action or defense should not be allowed. Drennan v. Warburton, 33 Okl. 561, 122 P. 179. Subject matter of proposed amendments which have been held to change a claim or defense may be observed in Travelers Ins. Co. v. Leedy, Okl., 450 P.2d 898; Maupin v. Nutrena Mills, Inc., Okl., 385 P.2d 504.

No consistent rule is discernible from comparison of cited cases. The criterion for measuring discretion involved in allowing amendment of pleadings depends upon whether the proposed amendment creates a distinct or different legal obligation.

In the case at bar, at the close of the evidentiary hearing, since respondent had not affirmatively placed in issue the failure of notice, the question of notice was not an issue and it was unnecessary for the trial judge to consider this issue. However, the next day after the evidentiary hearing, respondent filed an amended answer and attempted to place the question of notice in issue and the claim for compensation was denied on this new issue. Allowing an amended answer to be filed, under circumstances disclosed herein, substantially changed the defense to the claim presented and constituted an abuse of discretion under § 317, supra.

Order vacated and cause remanded with directions to proceed in accordance with the views herein expressed.

All the Justices concur.