SPIES, APPELLANT, *v.* GIBSON, APPELLEE.

214

(No. 82AP-280—Decided
December 16, 1982.)

Messrs. Schwenker, Cloud & Tudor
and Mr. David K. Frank, for appellant.
Mr. Harold E. Gibson, pro se.

NORRIS, J. On April 10, 1980, plaintiff-appellant, Michael L. Spies, filed his complaint charging defendant-appellee, Harold E. Gibson, an attorney at law, with professional malpractice in failing to properly represent him in the purchase of a moving business. Attached to the complaint was a "Sales Agreement," drafted by defendant and signed by plaintiff and the seller of the business on October 13, 1978, which provided for the closing of the sale and payment by plaintiff on that date and included a provision that "the public utilities license" would be transferred to plaintiff. Plaintiff contends that the seller had no such license and that defendant should have ascertained that fact prior to closing and payment. The complaint included an allegation, later denied in defendant's answer, that an attorney-client relationship existed between plaintiff and defendant "since 1973."

On February 22, 1982, the date set for trial, defendant filed a motion to dismiss on the ground that the one-year statute of limitations had run in October 1979.

The following day, at a hearing conducted by the trial court to consider defendant's efforts to raise the statute of limitations defense, the trial court granted defendant leave to amend his answer, instanter, to include the defense, and then entertained defendant's motion to dismiss.

Defendant said that he drew up the contract for plaintiff and it was signed by the parties on October 13, 1978; that at the closing the seller denied having a PUCO license; and that plaintiff paid him for his services on October 24, 1978 "at which time this particular transaction was terminated." He further said that he later represented plaintiff on a collection matter which was concluded on March 20, 1979, and introduced a "settlement sheet" bearing that date; and that he also represented plaintiff in proceedings to expunge his criminal record, with the judgment entry concluding that matter being filed on April 10, 1979.

An affidavit signed by plaintiff was introduced, which indicated that plaintiff had signed the contract and paid the seller on October 13, 1978; that he learned on October 17 that the seller did not have a PUCO license; and that he contacted defendant about the problem on October 20 and was advised by defendant "that he should try to get along the best he could."

The trial court's judgment entry granting the motion to dismiss includes this language:

"* * * It is uncontroverted that Plaintiff was aware of the circumstances giving rise to his claim of malpractice by at least October 20, 1978. It is further uncontroverted that Defendant performed no further related work for Plaintiff with the exception of an unrelated collection matter and a criminal expungement pro-

ceeding. It is, therefore, this Court's opinion that the statute of limitations time period began to run at the time Plaintiff discovered and was aware of the alleged malpractice. This being so, Plaintiff's action was barred since it was not instituted by October 20th of 1979."

Plaintiff raises four assignments of error:

"1.  * * *

"2.  The trial court erred to the prejudice of the plaintiff-appellant in dismissing his action upon the basis of the defense of the statute of limitations [R.C. 2305.11] when the defendant-appellee waived the affirmative defense by failing to assert it in his answer as required by Rule 8(C) of the Ohio Rules of Civil Procedure.

"3.  The trial court erred to the prejudice of the plaintiff-appellant and abused its discretion in permitting the defendant-appellee to amend his answer on the day of trial, twenty-two months after commencement of the action, contrary to the provisions of Rule 15(A) and Rule 12(H) of the Ohio Rules of Civil Procedure.

"4.  * * *."

Because the issues they raise are interrelated, the second and third assignments of error will be considered together. A number of provisions of the Rules of Civil Procedure are relevant to our consideration:

"Affirmative defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an * * * affirmative defense. * * *" [Civ. R. 8(C).]

"(B)  How presented. Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. * * *

"* * *

"(H)  Waiver of defenses and objections. A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A), except (1) the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of jurisdiction of the subject matter, and the objection of failure to state a legal defense to a claim, may be made by a later pleading, if one is permitted, by motion for judgment on the pleadings or at the trial on the merits; and except (2) whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." [Civ. R. 12.]

"Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *" [Civ. R. 15(A).]

The essence of plaintiff's argument is that because defendant failed to raise the affirmative defense of statute of limitations in his answer, he waived that defense when the time permitted to amend his answer as a matter of course had lapsed, and the trial court therefore erred in granting defendant leave to

216

amend his answer. The argument is not well-taken.

Although expiration of the period specified by a statute of limitations is an affirmative defense which must be pleaded (Civ. R. 8[C]), leave of a trial court to amend a pleading, in order to include an affirmative defense previously overlooked, will be freely given (Civ. R. 15[A]) to permit all the applicable facts and law to be raised in order that the case may be decided on its merits, unless the party opposing the amendment can establish that actual prejudice will be visited upon him by allowance of the amendment. McCormac, Ohio Civil Rules Practice (1970) 193-195, Sections 9.01 and 9.02. The provision of Civ. R. 12(H), limiting amendments to those made as a matter of course under Civ. R. 15(A), applies only to raising the defenses listed in Civ. R. 12(B); it does not restrict a liberal granting of leave to amend to raise affirmative defenses listed in Civ. R. 8(C). See McCormac, Ohio Civil Rules Practice, *supra,* 167, at Section 7.36. Because the defense of statute of limitations is an affirmative defense listed in Civ. R. 8(C), and is not one of those listed in Civ. R. 12(B), the trial court was in a position to grant leave to defendant to amend his answer to include that defense, even though the time had elapsed within which defendant could have amended his answer as a matter of course. Under the circumstances of this case, there having been no showing by plaintiff of actual prejudice resulting from the amendment, we are unable to say that the trial court abused its discretion in applying the liberal amendment provision of Civ. R. 15(A). In fact, the trial court might well have abused its discretion had it not permitted the amendment. See *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161 [63 O.O.2d 262], paragraph six of the syllabus.

The Supreme Court's opinion in *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55 [69 O.O.2d 350], cited by plaintiff, is distinguishable on the facts because, in that case, the plaintiff had never sought to amend his answer to include the defense of statute of limitations, relying instead for her motion to dismiss upon having included in her answer the defense that the complaint failed to state a claim upon which relief could be granted. The Supreme Court held that pleading such a defense did not amount to setting forth affirmatively the defense of statute of limitations as required by Civ. R. 8(C), and went on to declare the law of the syllabus as follows:

"Where the bar of the statute of limitations is not presented as a defense either by motion before pleading pursuant to Civ. R. 12(B), or affirmatively in a responsive pleading pursuant to Civ. R. 8(C), or by amendment made under Civ. R. 15, then the defense is waived under Civ. R. 12(H), and a motion raising the defense at trial is not timely made."

The second and third assignments of error are overruled.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.