**Tom and Marie MARSHALL, Surviving Next of Kin of Jason Todd Marshall, Deceased, Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

**No. 71027.**

Court of Appeals of Oklahoma, Division No. 3.

Oct. 30, 1990.

As Corrected Nov. 5, 1990.

Rehearing Denied Dec. 19, 1990.

Certiorari Denied Feb. 5, 1991.

Steven R. Hickman, Frasier & Frasier, Tulsa, for appellants.

James K. Secrest, II, Secrest & Hill, Tulsa, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Appellants Tom and Marie Marshall appeal from an order of the trial court denying their Application for Leave to Amend Petition and granting Allstate's Motion for Summary Judgment.

Allstate issued policy number 0–10–805485–08–11 149664373 (the policy) to Thomas J. Marshall on August 10, 1983 covering three vehicles. On that same day, Marshall, in writing, waived coverage for uninsured motorist pursuant to 36 O.S. § 3636(F). On March 5, 1985, a fourth vehicle was added to the policy, a 1973 Ford pickup apparently owned or used primarily by Marshall's adult daughter who was still living at home. On May 4, 1985, Jason Todd Marshall, the Marshalls' son who also lived with them, was killed in an auto accident involving two uninsured motorists. On January 23, 1987, the Marshalls filed a petition to recover under the policy, alleging they gave no waiver of uninsured motorist coverage when the daughter's vehicle was added to the policy, and that all residents of the Marshall household, including Jason Todd Marshall, were covered for uninsured motorists under the policy. Allstate answered and later filed a motion for summary judgment claiming Mr. Marshall's initial waiver was effective for the added vehicle. The Marshalls opposed the motion and filed an application for leave to amend their petition pursuant to 12 O.S.Supp.1990 § 2015, seeking a reformation of the policy. After hearing, the trial judge denied the Marshalls' application and granted Allstate's motion, entering judgment for Allstate denying the Marshalls' claim.

The Marshalls appeal, alleging error of the trial court in 1) granting summary judgment on the issues raised in the unamended pleadings, and 2) denying leave to amend. We discuss the issues in that order.

I

## WAS SUMMARY JUDGMENT APPROPRIATE?

■ The trial court determined Mr. Marshall's waiver of uninsured motorist coverage was effective as to the fourth vehicle added to the specific policy pled in the petition. The fact of Mr. Marshall's waiver was not in dispute, only its legal effect. Our task in reviewing the trial court's order is to determine whether the facts material to the issues raised in the unamended pleadings are "uncontroverted". The essential facts as recited at the outset of this opinion are not in dispute. The law to be applied is equally clear.

Section 3636(F) of Title 36, Oklahoma Statutes, 1981, states that the *named insured,* not the owner of the vehicle, will have the right to reject uninsured motorist coverage in writing. Mr. Marshall did so on August 10, 1983. Under the law in effect in 1985, when the Marshalls filed this action, a second rejection of uninsured motorist coverage was not necessary when adding a vehicle to an existing policy. *Hicks v. State Farm Mutual Automobile Insurance Co.,* 568 P.2d 629 (Okla.1977). Since Mr. Marshall was the named insured, his waiver was effective as to the added vehicle.

The Marshalls argue persuasively that this case is distinguishable from *Hicks,*

since it involves an additional vehicle, not a replacement vehicle, and in the absence of the Oklahoma Supreme Court decision in *Beauchamp v. Southwestern National Insurance,* 746 P.2d 673 (Okla.1987) we would be inclined to agree. In *Beauchamp,* a case involving adding another vehicle to an existing policy, the Court determined *Hicks* supported the position advocated by Allstate in this case, and overruled *Hicks* in adopting prospectively the position advocated by the Marshalls.

Although the Marshalls state cogent reasons why they should not be treated differently than the plaintiffs in *Beauchamp,* the Court's decision is clear, and we may not disregard it. The Marshalls' claim arose more than two years before the *Beauchamp* mandate, and the rule announced in *Hicks* controls this case. Mr. Marshall's written waiver of uninsured motorist coverage was effective as to the daughter's vehicle. Since the undisputed facts are susceptible of but a single inference, i.e., a valid waiver of uninsured motorist coverage, the trial court correctly determined the Marshalls could not recover under the specific policy pled in the petition.

## II

## SHOULD THE TRIAL COURT HAVE ALLOWED THE MARSHALLS TO AMEND?

After Allstate moved for summary judgment, the Marshalls asked the court for permission to amend their petition to seek reformation of the policy covering the fourth vehicle to show their daughter as the named insured. The trial court denied that request without ever giving the Marshalls an opportunity to present an amended petition which stated the facts upon which such a claim was based. In the denying of the requested leave, the trial court concluded:

> The Court found that the plaintiffs brought this cause of action on a specific policy of insurance. The Court will not allow the plaintiffs to amend their petition in such a manner as to join an additional party plaintiff, with a separate cause of action for reformation, which

would create a second policy of insurance.

While the trial court has considerable discretion in granting or denying requests to amend pleadings, *Cook v. Clinkenbeard,* 524 P.2d 27 (Okla.1974), that discretion is limited by the provisions of 12 O.S.Supp.1990 § 2015, which states: " ... leave shall be freely given when justice so requires." Section 2015 was adopted from and is virtually identical to Federal Rule 15, and we may safely look to federal authority for guidance in applying its provisions. *Shores v. First City Bank Corp.,* 689 P.2d 299 (Okla.1984). In reviewing the purpose of this rule, the United States Supreme Court held in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The trial court, apparently, refused leave to amend because it viewed the amendment as futile. Apparently the trial concluded, as argued by Allstate, the Marshalls could not legally obtain reformation if the effect was to make a new contract. While that proposition may be true as a general statement of law, see 66 Am.Jur.2d "Reformation of Instruments, § 50, p. 572 (1973), it does not, at least in Oklahoma, prevent a court from reforming an insurance contract to substitute another party for the named insured.

In *British America Assur. Co. v. Shores*, 206 Okl. 300, 243 P.2d 343 (1952) the Oklahoma Supreme Court allowed reformation of an insurance contract to substitute for the named insured the true owner of the property based upon mutual mistake of fact. This same principle has been widely applied to auto insurance policies, particularly where the insurer's agent was made aware of the ownership of the vehicle. See Annotation, "Reformation of Automobile Liability Insurance Policy by Adding To or Substituting For the Named Insured the Person Intended To Be Insured", 1 A.L. R.3d 885. If the trial court decided the Marshalls could not sustain an action for reformation based upon the minimal information contained in their request for leave to amend, it did so prematurely. The record contains no evidence which establishes their inability to prove a case under the foregoing authorities. The trial court should have at least allowed them an opportunity to plead the facts in support of their claim in a proper amended petition.

Allstate also suggests the trial court properly denied leave to amend because the Marshalls did not request reformation initially. While delay in raising additional theories of recovery may constitute grounds for denying amendments, the purpose of § 2015 requires such denials to be limited to instances in which the opposing party will suffer undue prejudice as result of the delay. To do otherwise is to embrace the outdated concept that pleading is a game of skill in which one mistake by counsel can determine the outcome. Rather we must "... accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Allstate has not demonstrated any prejudice from such an amendment other than being required to defend against the reformation claim. This "prejudice" is one which would have been present had the Marshalls alleged this claim at the outset, and is not caused by any delay. Allstate's work on the "waiver" issue, while not decisive if the policy is reformed, is not wasted effort. Obviously, if reformation is ultimately correctly denied, Mr. Marshall's waiver of uninsured motorist coverage prevents Allstate's liability as noted in Part I.

We can find no legally sufficient reason for denying the Marshalls' request to amend the petition, and without such a reason, we believe § 2015 requires the amendment to be allowed. The trial court's order denying leave to amend is contrary to the express directive of § 2015 that leave be "freely given when justice requires" and is an abuse of discretion.

Accordingly, while we agree that the trial court properly concluded the Marshalls could not recover under the insurance policy as it stands unreformed, we must reverse the summary judgment in favor of Allstate, and remand with directions to allow the Marshalls to attempt to state a claim for reformation of the policy to substitute their daughter as the named insured.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BAILEY, J., concurs.

HANSEN, J., dissents to Part I and concurs in Part II.