Quay D. PROUGH and Denise L. Prough, Plaintiffs–Respondents,

v.

EDINGER, INC., Defendant–Petitioner.

No. 79368.

Supreme Court of Oklahoma.

Oct. 12, 1993.

---

Gary R. Morris, Stephen P. Dixon, Morris & Associates, Midwest City, for plaintiffs/respondents.

Micheal L. Darrah, Paul B. Middleton, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, for defendant/petitioner.

ALMA WILSON, Justice:

■ The District Court of Cleveland County has certified a question to this Court for Interlocutory Appeal, pursuant to 12 O.S.1991, § 952(b)3. This court previously granted certiorari to answer the interlocutory question of whether the defendant should be allowed to amend its answer to include the affirmative defense of the statute of limitations.[1] We hold that where the petition does not allege dates on which damage occurred, and no prejudice to the opposing party, nor undue delay is shown, a trial court abuses its discretion in refusing to allow a party to amend its answer to include the statute of limitations defense.

The plaintiffs, landowners, filed a petition on May 22, 1990, seeking damages resulting from the operation of the defendant's salt-water disposal well. The petition did not allege any dates on which the damage occurred. The defendant, operator of the salt-water disposal well, filed its answer on October 17, 1990, denying the plaintiffs' allegations and raising three affirmative defenses, not including the statute of limitations.[2] During discovery, the defendant determined the statute of limitations barred most of the damages the plaintiff sought.[3] The defendant then requested to amend its answer to add the statute of limitations defense on November 12, 1991. The trial court denied the defendant's request and certified the question before us for interlocutory appeal. This court stayed the proceeding of the action in the trial court pending appeal.

Historically, Oklahoma has required a defendant to raise the statute of limitations in the responsive pleading or the defense is waived. *See, e.g., Reaves v. Turner,* 20 Okl. 492, 94 P. 543, 545 (1908); *Greene v. Circle Ins. Co.,* 557 P.2d 422, 424 (Okla. 1976); *Gragg v. James,* 452 P.2d 579, 585 (Okla.1969); *Labor Inv. Corp. v. Russell,* 405 P.2d 1008, 1014 (Okla.1965). However, in 1984, Oklahoma adopted the Oklahoma Pleading Code which now governs the amendment of pleadings. Title 12 O.S. 1991, § 2015(A) provides, "leave [to amend] shall be freely given when justice so re-

1. The trial court submitted the following question for interlocutory appeal:

Did the trial court err in refusing to allow Defendant to amend it's [sic] answer to include the defense of Statute of Limitations when the request was made while discovery is continuing, approximately 15 months after Defendant's original answer was filed. When the original Petition was filed on May 22, 1990, Defendant's original Answer was filed on October 17th, 1990. Defendant filed a Motion For Summary Judgment asserting Plaintiffs' claims were barred by the Statute of Limitations on August 14, 1991. Plaintiffs filed a Motion In Limine seeking to exclude the use of the Statute of Limitations on August 27, 1991 and filed their objection to Defendant's Motion For Summary Judgment on September 6, 1991, asserting in part, Defen-

dant's failure to plead the Statute of Limitations as an affirmative defense and on November 12, 1991, the Defendant filed an Application to file an Amended Answer seeking to add the Statute of Limitations as a defense.

2. The question certified to this court notes October 17, 1990, as the filing date of the original answer. The defendant's brief lists August 17, 1990, as the original filing date. Regardless of which date is correct, the two month time difference is immaterial to our analysis.

3. The time the defendant learned the dates of damage is controverted. However, it is recognized the defendant could not have gained actual knowledge of the dates until after discovery commenced because no dates were alleged in the plaintiffs' petition.

quires." The defendant urges this Court to comply with § 2015's mandate.

The plaintiffs contend that 12 O.S.1991, § 2008(C) [4] and 2008(D) [5] prohibit the raising of the limitations defense. Section 2008(C) requires an affirmative defense to be "set forth affirmatively" in a pleading. Section 2008(D) provides that averments to a pleading "are admitted when not denied in the responsive pleading." Therefore, the plaintiffs argue that the defendant's failure to plead the limitations defense constitutes an admission. However, the pleading code must be looked at in its entirety. Section 2008 is governed by § 2015, which provides for the liberal granting of amendments. *See Spies v. Gibson,* 8 Ohio App.3d 213, 456 N.E.2d 1284, 1286–87 (1982).[6]

Furthermore, no other section of the pleading code prevents a defendant from amending a pleading to include an affirmative defense. Section 2012(F) does provide for the waiver of certain defenses if the defense is not raised in the responsive pleading or by appropriate motion.[7] However, § 2012 governs only those defenses that can be raised by motion as well as through pleading.[8] The statute of limitations is not such a defense; it is an affirmative defense which is listed in § 2008(C). Therefore, § 2012 does not bar the limitation defense's introduction through amendment. *See Spies,* 456 N.E.2d at 1287.

Since the pleading code does not specifically prevent a defendant from amending a pleading to include an affirmative defense, the issue before us becomes whether the trial court abused its discretion in denying the defendant's amendment request. To determine the trial court's authority, the purpose of the code must be examined. The Oklahoma Pleading Code incorporates the notice form of pleading. *See Gay v. Ludwick,* 766 P.2d 985, 992–93 (Okla.1988). The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and we may look to federal authority for guidance in applying its provisions. *Shores v. First City Bank Corp.,* 689 P.2d 299, 301 (Okla.1984).

The Supreme Court of the United States outlined the policy behind notice pleading in *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957):

[S]implified "notice pleading" is made possible by the liberal opportunity for

**4.** 12 O.S.1991, § 2008(C) provides in part:

> C. AFFIRMATIVE DEFENSES. In pleading to a preceding pleading, a party shall set forth affirmatively: ... 18. Statute of Limitations; ... 20. Any other matter constituting an avoidance or affirmative defense.

**5.** 12 O.S.1991, § 2008(D) provides:

> D. EFFECT OF FAILURE TO DENY. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

**6.** While the *Spies* court analyzed its own state's pleading code, its analysis remains valid for our analysis because Oklahoma's Section 2008, 2012, and 2015 and Ohio's Rule 8, 12, and 15 contain the same provisions.

**7.** Title 12 O.S.1991, § 2012(F) provides in part:

> F. WAIVER OR PRESERVATION OF CERTAIN DEFENSES.
> 1. A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, or lack of a capacity of a party to be sued is waived:
> a. if omitted from a motion that raises any of the defenses or objections which this section permits to be raised by motion, or
> b. if it is not made by motion and it is not included in a responsive pleading or an amendment thereof permitted by subsection A of Section 15 of this act to be made as a matter of course.

**8.** Title 12 O.S.1991, § 2012(B) provides in part:

> B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> 1. Lack of jurisdiction over the subject matter; 2. Lack of jurisdiction over the person; 3. Improper venue; 4. Insufficiency of service of process; 6. Failure to state a claim upon which relief can be granted; 7. Failure to join a party under Section 19 of this act; 8. Another action pending between the same parties for the same claim; 9. Lack of capacity of a

discovery and the other pretrial procedures established by the Rules to disclose more narrowly the disputed facts and issues.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

The provisions of 12 O.S.1991, § 2011, analogous to Fed.R.Civ.P. Rule 11, further strengthen the need for the liberal granting of amendments. Section 2011 provides for sanctions to be imposed on any attorney or client who asserts a claim or defense not well grounded in fact and warranted by existing law.[9] Section 2008 specifically states that § 2011 applies to all forms of pleadings, including answers.[10] Because of § 2011, an attorney will be reluctant to claim the statute of limitations defense unless it appears that sufficient facts exist to support the defense when the answer is filed. Often, the applicability of the statute of limitations is not known until discovery is conducted. If amendments were not given freely, the defendant would be faced with the choice of either pleading a defense not known to be warranted, or failing to assert a defense not apparent from the outset of the claim because of the fear of incurring sanctions. A court can best reach a proper decision on the merits, while at the same time not encouraging baseless claims and defenses, by granting amendment requests at that time when the claim or defense is shown to be warranted by substantiating facts.

Accordingly, both the federal courts and an overwhelming majority[11] of state courts have granted liberal amendment opportunities to defendants requesting to amend an answer to include the statute of limitations defense.[12] Of course, the trial court has always possessed discretion over whether to allow an amendment to a pleading. *Cook v. Clinkenbeard*, 524 P.2d 27, 29 (Okla.1974). Its decision will not be overturned absent an abuse of that discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971); *Triplett v. Leflore County*, 712 F.2d 444, 446–47 (10th Cir.1983). However, the trial court's discretion is limited by the provisions of 12 O.S.1991, § 2015(A), requiring that leave to amend be given freely if justice requires. *Marshall v. Allstate Ins. Co.*, 805 P.2d 689, 691 (Okla.Ct.App.1990).

The Supreme Court of the United States, in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), balanced the mandate of freely granting amendments

party to be sued; and 10. Lack of capacity of a party to sue.

9. Title 12 O.S.1991, § 2011 provides in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

10. Title 12 O.S.1991, § 2008(E)2 provides in part:

2. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. All statements shall be made subject to the obligations set forth in Section 2011 of this title.

11. "In practically all jurisdictions at the present time, a defendant will be permitted to amend his pleading so as to set up the bar of the statute where such procedure appears to be justified in the mind of the court as being in furtherance of justice." 51 Am.Jur.2d *Limitation of Actions* § 471 (1970).

12. *Wyshak v. Wyshak*, 607 F.2d 824, 826 (9th Cir.1979) (leave should be freely granted in absence of prejudice to opposing party); *American Electric Power Co. v. Westinghouse Elec. Corp.*, 418 F.Supp. 435, 443 (S.D.N.Y.1976) (amendment granted one and a half years later even though no excuse for delay existed); *Jones v. Waters*, 97 F.R.D. 543, 544 (E.D.Pa.1983) (amendment granted over one year later because no prejudice existed); *Bevins v. King*, 143 Vt. 252, 465 A.2d 282, 283–84 (1983) (was abuse of discretion to deny amendment request made on day of trial); *Foreman v. The Village of Round Lake Park*, 171 Ill.App.3d 443, 121 Ill. Dec. 561, 525 N.E.2d 868, 870–71 (1988) (amendment allowed after four and a half years elapsed).

with the trial court's authority to deny such requests. The court found "outright refusal to grant leave without any justifying reason appearing for the denial" is an abuse of discretion, but there is no abuse if the court relies on a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." *Foman* at 182, 83 S.Ct. at 230.

Applying the *Foman* standard to the facts before us, the trial court acted within its discretion only if a justifying reason existed for the denial of the defendant's request. An undue delay is a sufficient reason to deny an amendment request. *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132–33 (10th Cir.1987).[13] However, the delay should be more than a mere time delay. The delay must be considered "undue" before the trial court has the authority to deny an amendment request. *See First City Bank*, 820 F.2d at 1133. Some of the factors to consider in evaluating whether a time delay is undue are: 1) the number of previous amendment requests; 2) the timing of the request (before or after discovery is closed and a trial date set); and 3) the length of time the movant was aware of the applicability of the amendment.

Nothing in the record indicates that the fifteen month time delay should be considered an "undue" delay. As the defense argues, the amendment request was made while discovery was continuing and no trial date had been set. No previous amendment requests had been made by the defendant. Additionally, the plaintiffs do not allege that the defendant had a dilatory motive in requesting the amendment.

A South Carolina case closely resembles the facts before us. South Carolina's pleading code, like Oklahoma's, is based on the Federal Rules of Civil Procedure.[14] In *Glenn v. School Dist. No. Five of Anderson County*, 294 S.C. 530, 366 S.E.2d 47 (Ct.App.1988), a landowner sought damages from the school district and county for property damage caused by the school's discharge of surface water. The defendant's initial answer did not include the statute of limitations defense. Deposition of the plaintiff revealed the statute of limitations barred the claim. The defendant then moved to amend the answer to include the statute of limitations defense. The court found that the defendant timely moved to amend upon learning the statute of limitations applied. *Glenn* 366 S.E.2d at 49. As in *Glenn*, the present defendant could not have raised the statute of limitations defense until discovery was taken. The plaintiffs' initial complaint contained no alleged dates of damage. The defendant could not have raised the defense until the dates of damage were made known to the defendant. The defendant did move to amend after learning the defense applied.[15] Therefore, the defendant's amendment request must be considered timely.

Also, the plaintiffs cannot claim that the amendment is prejudicial. Prejudice refers to the inconvenience and delay

---

**13.** The Eighth Circuit and the 10th Circuit hold conflicting views on the issue of undue delay. The Eighth Circuit holds a delay must result in prejudice to the plaintiff before denying an amendment request. A time delay alone is not considered sufficient justification. *Mercantile Trust Co. Nat'l Assoc. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012–13 (8th Cir.1976). The Tenth Circuit holds that a time delay does warrant the denial of an amendment request if the delay is considered "undue". *First City Bank*, 820 F.2d at 1132–33 (10th Cir.1987). The *First City Bank* court found the time delay to be undue because the appellant had been dilatory in making the amendment request.

**14.** "[T]he South Carolina Rules of Civil Procedure closely parallel the Federal Rules of Civil Procedure." *South Carolina Tax Comm'n v. Union County Treasurer*, 295 S.C. 257, 368 S.E.2d 72, 74 (Ct.App.1988). "The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure...." *Shores v. First City Bank Corp.*, 689 P.2d 299, 301 (Okla.1984).

**15.** As discussed in footnote # 3, the time the defendant learned the dates of damage is controverted. However, in the absence of other factors indicating the delay to be "undue," the mere passage of time before an amendment request is made will not be considered a bar to the amendment.

suffered when new issues are raised or new parties introduced, not that which is caused by a defeat on the merits. *Romo v. Reyes,* 26 Ariz.App. 374, 548 P.2d 1186, 1188 (1976) (citing *Williams v. U.S.,* 405 F.2d 234 (5th Cir.1968)). Requiring a party to litigate issues which would have been present at the outset of litigation had the parties raised them cannot be considered prejudicial. *Marshall,* 805 P.2d at 692.

In the present case the defendant is not seeking to introduce a new issue for evaluation, but rather requesting a fair determination on the merits of the plaintiffs' claims and the applicable defenses. Any "prejudice" the limitations defense causes the plaintiffs existed from the commencement of this action. The statute of limitations defense was available to the defendant from the beginning of the claim had its applicability been known. Therefore, the late introduction of the limitations defense cannot be considered prejudicial to the plaintiffs. Moreover, as the defense points out, neither the trial court nor the plaintiffs have alleged that prejudice would result from the granting of an amendment and the proceedings in the trial court have been stayed pending the ruling on appeal.

This court finds *Foman* persuasive and further finds that neither undue delay, prejudice, nor any other justifying reason has been shown to warrant the trial court's denial of the defendant's motion to amend. Accordingly, our answer to the question certified to us by the district court is that the court erred in refusing to allow the defendant to amend its answer to include the limitations defense.

CERTIFIED QUESTION ANSWERED.

All Justices concur.