OPINION
Appellant Ernest Dean Hamm appeals the decision of the Court of Common Pleas, Richland County, denying his petition for post-conviction relief. On June 7, 1996, following a jury trial, the Richland County Court of Common Pleas sentenced appellant to eight to twenty-five years on his conviction of voluntary manslaughter, in violation of R.C. 2903.03. In July 1996, appellant filed an appeal of said conviction to this Court; we affirmed the trial court's decision on August 13, 1997. The Supreme Court of Ohio declined to hear appellant's appeal of our decision. State v. Hamm (1997), 80 Ohio St.3d 1480. On July 23, 1998, appellant filed a petition for post-conviction relief in the trial court. His sole claim was that of ineffective assistance of appellate counsel. On August 7, 1998, appellee filed a motion to dismiss appellant's post-conviction petition. On September 8, 1998, appellant filed a motion to amend his petition to include issues of newly discovered evidence and ineffective assistance of trial counsel. Three days later, the trial court denied appellant's petition, holding that State v. Murnahan (1992),63 Ohio St.3d 60, barred appellant from raising the issue of ineffective assistance of appellate counsel. The trial court's judgment entry was silent on the issues appellant raised in his motion to amend his petition. Appellant timely appealed the judgment entry and herein raises the following two assignments of error:
I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT AN EVIDENTIARY HEARING ON PETITION FOR POSTCONVICTION RELIEF.
II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO MAKE AND FILE FINDINGS OF FACTS (SIC) AND CONCLUSIONS OF LAW AS TO APPELLANT'S CLAIMS ON MOTION FOR POSTCONVICTION RELIEF.
 I II
We address both of appellant's assignments of error together. Appellant contends that the trial court improperly ruled on his post-conviction petition without the benefit of an evidentiary hearing and written findings of fact and conclusions of law. In Murnahan, supra, the Ohio Supreme Court held that a petition alleging ineffectiveness of appellate counsel is not cognizable in a R.C. 2953.21 post-conviction proceeding. Id., at paragraph one of the syllabus. However, the trial court's reliance on Murnahan as its basis for denial indicates that it reviewed appellant's original petition only. The record suggests that the trial court either disregarded, implicitly overruled, or was not aware of appellant's last-minute proposed amendments. R.C. 2953.21(F) reads rather liberally regarding timely amendment filings: (F) At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter. (Emphasis added.)
Ordinarily, a trial court's decision to grant or deny leave to amend is discretionary and will not be overturned by a reviewing court absent an abuse of that discretion. State v. Stansberry (Nov. 13, 1997), Cuyahoga App. No. 71187, unreported, citing Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 121-122. However, "[i]f no reason to deny a motion for leave to amend is apparent or is disclosed by the court, the denial of such a motion constitutes an abuse of discretion, especially where the opposing party has not countered the motion and demonstrated that he would be prejudiced if the movant were permitted to amend." Id. at 4, citing Foman v. Davis (1962), 371 U.S. 178; Peterson v. Teodosio (1973), 34 Ohio St.2d, paragraph six of the syllabus; Spies v. Gibson (1982), 8 Ohio App.3d 213, paragraph one of the syllabus. We thus find that the trial court abused its discretion by failing to clarify its reasons for denying or ignoring appellant's attempt to amend. Furthermore, both of appellant's issues, i.e., whether the trial court improperly denied appellant an evidentiary hearing and whether the trial court erred by not filing findings of fact and conclusions of law, hinge on the trial court making a determination as to whether appellant is "entitled to relief." See R.C. 2953.21(E) and (G). It logically follows that the trial court cannot legitimately render the latter determination without compiling a record demonstrating due consideration of appellant's request to amend his petition, even if it ultimately chooses to deny leave to amend. The proper recourse in this matter is a remand to the trial court for the purposes of determining whether appellant should be granted leave to amend his petition per R.C. 2953.21(F) and redetermining whether appellant is entitled to the relief requested and whether he is entitled to a hearing. We will not address appellant's assignments of error as they are moot based on our remand of this matter to the trial court.
For the reasons stated in the foregoing, we hereby sua sponte reverse and remand this matter to the Court of Common Pleas, Richland County, Ohio, for further proceedings consistent with this opinion.
By: Wise, P. J. Hoffman, J., and Farmer, J., concur.