OSCN Found Document:CITY OF BLACKWELL v. WOODERSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CITY OF BLACKWELL v. WOODERSON
2017 OK CIV APP 33
Case Number: 114892
Decided: 05/12/2017
Mandate Issued: 06/06/2017
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2017 OK CIV APP 33, __ P.3d __

 

CITY OF BLACKWELL, Plaintiff/Appellant,
v.
BRUCE WOODERSON, MATTHEW MORELAND, LISA MORELAND, and JIMMIE D. MORELAND, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT
OF KAY COUNTY, OKLAHOMA

HONORABLE PHILIP A. ROSS, JUDGE

REVERSED AND REMANDED

Dale E. Cottingham, Dean A. Couch, Lewis T. LeNaire, GableGotwals, Oklahoma City, Oklahoma, for Plaintiff/Appellant,
Kaylee P. Davis-Maddy, Doerner Saunders Daniel & Anderson, LLP, Oklahoma City, Oklahoma, for Defendants/Appellees.

Bay Mitchell, Presiding Judge:

¶1 Plaintiff/Appellant the City of Blackwell (the "City") appeals the trial court's grant of summary judgment in favor of Defendants/Appellees Bruce Wooderson, Matthew Moreland, Lisa Moreland, and Jimmie D. Moreland (collectively, "Defendants") in City's action seeking temporary and permanent injunctive relief against Defendants related to the parties' water rights on the Chikaskia River. The City also appeals the trial court's denial of its Motion for Leave to Amend Petition. Following our review of the record and applicable law, we REVERSE the decision of the trial court and REMAND for further proceedings.

¶2 Defendants are farmers who grow and sell crops in Grant County and Kay County and who hold various surface water permits from the Oklahoma Water Resources Board ("OWRB") which give them the right to draw a certain amount of water (measured by both volume and rate of flow) from the Chikaskia River and its tributaries to irrigate their crops. The City holds a senior and superior surface water permit which also allows it to draw a certain amount of water from the Chikaskia River to provide its residents with a reliable water supply. The City filed suit against Defendants March 11, 2014 alleging that Defendants' irrigation practices reduced the flow of water at the point in the Chikaskia River where the City drew its water ("the diversion point"), causing the City's pumps to cavitate (draw more air than water) and compelling the City to cease drawing water otherwise authorized by its senior appropriation right. The City also claimed this inability to draw water caused it to issue proclamations restricting municipal water use. The City sought to enjoin the Defendants from irrigating their crops when two gauges maintained and monitored by the United States Geological Survey ("USGS"), one of which was located upstream from the parties' diversion points and one of which was located downstream from the City's diversion point, measured the volume of the river to be at certain levels or below.

¶3 The parties proceeded through initial discovery, and the City moved for a hearing on its request for a temporary injunction. Following the hearing on June 20, 2014 and continued to July 8, 2014, the trial court ruled from the bench at the conclusion of the hearing that the City had not met its burden of proof for the court to issue a temporary injunction enjoining Defendants from drawing water when the river dropped to a certain level at those two measuring points. The City did not appeal that ruling. On December 24, 2014, the City filed its Motion for Leave to Amend Petition. The City sought to amend its petition to request a declaratory judgment to determine at which point the Defendants' irrigation practices constituted actionable interference in the City's superior water right. Further, the City's proposed Amended Petition removed any request for injunctive relief. By response filed January 7, 2015, Defendants opposed the City's Motion for Leave to Amend Petition arguing that (1) the City's request for leave to amend was unduly delayed, (2) the proposed Amended Petition essentially sought to relitigate the matters determined at the temporary injunction hearing, (3) the OWRB had determined that there was enough water for all parties to exercise their water rights; and (4) the interests of justice would not be served by allowing the City to amend its original Petition. On January 7, 2015, Defendants also filed a Motion for Summary Judgment as to the City's original Petition arguing that the undisputed facts presented at the temporary injunction hearing established that the City was not entitled to a permanent injunction and the City could not show that Defendants' irrigation practices damaged the City.

¶4 At a hearing held February 11, 2016, the trial court denied the City's Motion for Leave to Amend and granted summary judgment in favor of Defendants. The City appealed these rulings arguing that, as to the denial of its Motion for Leave to Amend Petition, the trial court erred in not adhering to the liberal standing of granting leave to amend pleadings when justice so requires and by failing to find that its amendment would be prejudicial to Defendants. Additionally, the City argues the trial court erred in refusing leave to amend on grounds of futility and by finding that the controversy between the parties was not sufficiently actual to justify declaratory relief. As to the grant of summary judgment in Defendants' favor, the City argues that the trial court's judgment was premature as a matter of law after the denial of a temporary injunction because the hearing was not consolidated into a trial on the merits and no schedule for further discovery had yet been established.

¶5 First, we review the trial court's refusal to grant the City leave to amend its Petition. The denial of leave to amend is a matter of discretion, which will not be disturbed unless that discretion is abused. Prough v. Edinger, Inc., 1993 OK 130, ¶8, 862 P.2d 71, 75. The trial court's discretion regarding whether to allow an amendment is limited by 12 O.S. §2015, which requires that leave to amend be given if justice requires. Id. However, a court does not abuse its discretion where denial of leave to amend is based on: 1) undue delay; 2) bad faith or dilatory motive by the movant; 3) repeated failure to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party; or 5) futility of amendment. Prough, ¶9.

¶6 The City's proposed Amended Petition asked the trial court to issue a declaratory judgment ruling upon "the point at which the reduced flow of the Chikaskia River at [the City's] pump withdrawal diversion point resulting from Defendants'. . . diversions of water . . . constitutes actionable impairment and/or interference with [the City's] vested appropriation rights under 82 O.S. §105.5."[1] In their briefing to the trial court, Defendants argued the City's Motion for Leave to Amend should be denied because the claims presented in the proposed Amended Petition were futile; specifically, that determination of the declaratory judgment claim would essentially be relitigating the claims already presented to the trial court at the temporary injunction hearing.[2]

 

¶7 The City countered that opposing a party's motion for leave to file an amended petition based on futility was "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim. . . ." Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999). See also Bittle v. Okla. City University, 2000 OK CIV APP 66, ¶¶11-12, 6 P.3d 509, 513-14 (stating that a trial court's denial of leave to amend based on "futility" meant the trial court "must have implicitly believed . . . [the plaintiff] could not amend to state a cognizable claim . . ."). The City argued Defendants' position failed to recognize the difference between a claim for injunctive relief and the relief provided by the Oklahoma Uniform Declaratory Judgments Act, 12 O.S. §§1651-1657 ("DJA" or "Act"), which gives district courts authority to "determine rights, status, or other legal relations" under "any statute . . . whether or not other relief is or could be claimed. . . ." Id. at §1651. On the other hand, to obtain the "extraordinary remedy" of temporary injunctive relief, the City needed to show it was entitled to such through "clear and convincing evidence." E.g. Lippitt v. Farmers Ins. Exchange, 2010 OK CIV APP 48, ¶6, 233 P.3d 799, 801. The City argued, even if it did not meet this high burden for injunctive relief, that did not foreclose the possibility of declaratory relief. The City further noted that, since the time the temporary injunction hearing was held, Defendants had applied for and received from the OWRB seven new surface water permits on the Chikaskia River.

 

¶8 To invoke the jurisdiction of the court under the DJA, several conditions must exist:

(1) [T]here must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

Gordon v. Followell, 1964 OK 74, ¶8, 391 P.2d 242, 244 (internal quotations and citations omitted). At issue here is the fourth condition. The word "'justiciable' refers to a lively case or controversy between antagonistic demands. When a party presents for adjudication antagonistic demands that are merely speculative, a prohibited advisory opinion is being requested." Tulsa Indus. Auth. v. City of Tulsa, 2011 OK 57, ¶13, 270 P.3d 113, 120 (footnote omitted); see also City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1, ¶32, 250 P.3d 305, 318 ("[J]usticiability is shown by antagonistic demands that are based upon more than merely conclusory allegations or frivolous legal arguments.").

¶9 Defendants argued there was no justiciable controversy because the City's claim for relief relied upon speculative assertions that it might be harmed in the future. The trial court noted, and the parties agreed, that at the time the Motion for Leave to Amend was filed, the Chikaskia River had plenty of water, and the City was not experiencing any of the adverse affects of drought such as pump cavitation or water restrictions, but they also agreed the situation was likely to arise again in the future. The City countered that it was entitled to a determination of its rights under 82 O.S. §105.5, see note 1, supra, pursuant to the DJA, which gives district courts the authority to "determine rights, status, or other legal relations [under] any statute. . . ." 12 O.S. §1651. We agree. We acknowledge the City was unable to convince the trial court that it was entitled to temporary injunctive relief in the form of limiting Defendants' ability to irrigate their crops when the USGS gauges showed the river was at or below a certain level. However, that lack of proof does not mean the City's proposed Amended Petition failed to state a cognizable claim for a determination of its water appropriation rights in relationship to Defendants' water appropriation rights to the Chikaskia River.[3] The trial court erred in refusing to grant the City's Motion for Leave to Amend to the extent that refusal was based on the futility of the City's proposed Amended Petition.[4]

 

¶10 We also reject the trial court's decision to deny the City's Motion for Leave to Amend to the extent the denial was based on undue delay or prejudice to Defendants. As to undue delay, the City explained the delay in filing their Motion for Leave to Amend. As the proposed Amended Petition was to be filed after the filing of Defendants' Answer, the City first attempted to obtain Defendants' consent. 12 O.S. §2015(A). Defendants refused their consent and indicated they would object to the filing of such an amendment should the City fail to obtain a vote from its city council members authorizing such amendment. Accordingly, the City began the process of calling a city council vote, which understandably took some amount of time. Further, the lapse of five months between the denial of the City's request for temporary injunctive relief on its original Petition (July 2014) and the filing of its Motion for Leave to Amend (December 2014), is not enough time, by itself, to constitute undue delay. See Prough, 1993 OK 130, ¶11 (noting that a fifteen month delay should not be considered "undue" as "the amendment request was made while discovery was continuing and no trial date had been set"). In support of their claim of prejudice, Defendants argued that the mere continuation of litigation, after their success at the temporary injunction hearing, was prejudicial. We disagree. "Requiring a party to litigate issues which would have been present at the outset of litigation had the parties raised them cannot be considered prejudicial." Id. at ¶13.

 

¶11 As stated in the City's response to Defendants' Motion for Summary Judgment, if the trial court allowed the City to file its proposed Amended Petition, "Defendants' Motion for Summary Judgment on [the City's] claim for injunctive relief will necessarily become moot, as [the City's proposed Amended] Petition will no longer contain any prayer for injunctive relief." Accordingly, we need not address the City's appeal of the grant of summary judgment in Defendants' favor as to the original Petition.

¶12 The trial court's denial of the City's Motion for Leave to Amend is REVERSED and REMANDED with instructions to allow the City to file its proposed Amended Petition. Consistent with 82 O.S. §105.5 and Heldermon, the OWRB is to be provided notice of the filing of the Amended Petition.

BUETTNER, C.J., and SWINTON, J., concur.

FOOTNOTES

[1] Section 105.5 provides:

Any person having a right to the use of water from a stream as defined by this act or Section 60 in Title 60 of the Oklahoma Statutes whose right is impaired by the act or acts of another, or others, may bring suit in the district court of any county in which any of the acts complained of occurred. Provided, however, that nothing herein contained shall be construed to empower district courts to recognize rights to use the water of a stream unless such rights have heretofore been established pursuant to this act or are claimed under Section 60 in Title 60 of the Oklahoma Statutes. Provided, however, that the Attorney General shall intervene on behalf of the state in any suit for the adjudication of rights to the use of water if notified by the Board that the public interests would be best served by such action.

[2] This matter was appealed pursuant to the accelerated procedure provided for in Supreme Court Rule 1.36. Accordingly, no appellate briefs were filed, and our review is limited "to the record actually presented to the trial court." Sup. Ct. R. 1.36(g); Ladra v. New Dominion, LLC, 2015 OK 53, ¶6, 353 P.3d 529, 531.

[3] We express no opinion on the City's likelihood of success on the merits of its proposed Amended Petition.

[4] The Oklahoma Supreme Court has found that 82 O.S. §105.5 requires the plaintiff in a suit brought pursuant to the section to provide notice to the OWRB so that the Attorney General can intervene in the suit, if warranted. Heldermon v. Wright, 2006 OK 86, ¶14, 152 P.3d 855, 860. There was some indication in the record that the OWRB has notice of this suit. On remand, the City is instructed to provide notice to the OWRB of the Amended Petition.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2010 OK CIV APP 48, 233 P.3d 799, LIPPITT v. FARMERS INSURANCE EXCHANGE
Discussed
 2000 OK CIV APP 66, 6 P.3d 509, 71 OBJ 1651, BITTLE v. OKLAHOMA CITY UNIV.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 130, 862 P.2d 71, 64 OBJ 3094, Prough v. Edinger, Inc.
Discussed at Length
 1964 OK 74, 391 P.2d 242, GORDON v. FOLLOWELL
Discussed
 2006 OK 86, 152 P.3d 855, HELDERMON v. WRIGHT
Discussed
 2011 OK 1, 250 P.3d 305, CITY OF BROKEN ARROW v. BASS PRO OUTDOOR WORLD, L.L.C.
Discussed
 2011 OK 57, 270 P.3d 113, TULSA INDUSTRIAL AUTHORITY v. CITY OF TULSA
Discussed
 2015 OK 53, 353 P.3d 529, LADRA v. NEW DOMINION, LLC
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1651, Determination of Rights, Status or Other Legal Relations - Exceptions
Cited
 12 O.S. 2015, Amended and Supplemental Pleadings
Discussed
Title 82. Waters and Water Rights
 Cite
Name
Level

 82 O.S. 105.5, Impairment of Water Rights - Suits in District Court
Discussed at Length