2003 OK CIV APP 94

**Deniese FORD, Plaintiff/Appellant,**

v.

**Wyatt WEST, Defendant,**

**Joshua Wyatt West, Defendant/Appellee.**

**No. 99,426.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 2, 2003.

---

Gary C. Bachman, Bryan G. Garrett, Holloway, Dobson & Bachman, Oklahoma City, OK, For Appellant.

Michael Woodson, Curtis N. Bruehl, Edmonds, Cole, Hargrave, Givens, Witzke, Ryan & Woodson, Oklahoma City, OK, For Appellee.

Opinion by LARRY JOPLIN, Chief Judge.

¶ 1 Plaintiff/Appellant Deniese Ford (Ford) seeks review of the trial court's order granting the motion for summary judgment of Defendant/Appellee Joshua Wyatt West (Josh) on Ford's negligence claim. In this accelerated review proceeding, Ford asserts she timely filed her amended petition to correct a misnomer of parties, and the "relation back" provisions of 12 O.S. § 2015(C) saved her claim from operation of the applicable two-year statute of limitations. We agree. We therefore hold the order of the trial court should be reversed, and the cause remanded for further proceedings.

¶ 2 Defendant Wyatt West (Wyatt) is Josh's father. On January 3, 2001, the vehicle operated by Josh collided with the rear of the vehicle operated by Ford. Ford allegedly sustained injuries to her head, neck and back.

¶ 3 By letter dated July 2, 2001, Ford's former counsel commenced settlement negotiations with Farmers Insurance Co., Wyatt's insurer. By August 2001, Ford's current counsel had assumed control of the case, and continued negotiations with the insurer.

¶ 4 On December 13, 2002, Ford filed her original petition to commence the instant action, and named Wyatt as defendant. In her original petition, Ford alleged "Defendant's" reckless and negligent operation of a motor vehicle on the date of the accident, causing her injury and damage.

¶ 5 On January 7, 2003, Ford filed her amended petition naming Josh as defendant on the same allegations of "Defendant's" negligence. The same day, Ford attempted personal service of the amended petition on Josh at the address listed for him in the telephone book. The phone book address was, however, Wyatt's home address, and Josh had moved. Also the same day, Wyatt contacted Josh and informed him of the suit, according to Josh's affidavit, his first notice of any claim against him.

¶ 6 In February 2003, Ford eventually obtained personal service on Josh. Wyatt answered, denying generally and specifically, and asserted defenses, including improper party defendant and statute of limitations. Josh answered, denying generally and specifically, and asserted defenses, including statute of limitations, Ford's contributory/comparative negligence, sudden emergency and unavoidable accident.

¶ 7 In April 2003, Josh filed his motion for summary judgment. On evidentiary materials demonstrating the facts we have recounted, Josh argued that any notice of the claim to his father could not be imputed to him, and that because Ford could have discovered the identity of the proper defendant prior to the running of the statute of limitations, the relation-back provisions of § 2015(C) offered her no savings from the limitations bar, and her amended petition correctly naming him as defendant was untimely filed. Ford responded, arguing that because Josh received notice of the suit, although misnaming his father as defendant, during the 180-day period for service of process, her amended petition correcting the earlier misnomer of the proper party defendant related back to the date of her timely filed original petition. 12 O.S. § 2015(C)(3).

¶ 8 On consideration of the parties' briefs and submitted materials, but without specific findings of fact or conclusions of law, the trial court granted Josh's motion for summary judgment. Ford appeals, and the matter stands submitted for our disposition on the trial court record.[1]

¶ 9 Section 2015(C) provides in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when:

---

1. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App.

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

> a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.....

12 O.S.2001 § 2015. As the Oklahoma Comment to § 2015 now instructs:

> The [1993] amendments to section 2015 track the 1991 amendments to Fed. R.Civ.P. 15, which were designed to overturn the result in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The Schiavone case dealt with the application of a statute of limitations to a defendant who was misnamed in a complaint. The plaintiffs in Schiavone attempted to sue the owners of Fortune magazine, and they named the defendant "Fortune," instead of the correct owner, "Time, Inc." After the statute of limitations ran, the plaintiffs attempted to amend the complaint to name Time, Inc., and the United States Supreme Court held that the amendment did not relate back under Fed.R.Civ.P. 15(c), because Time, Inc. did not receive notice of the lawsuit until after the statute of limitations had run.
>
> The result in Schiavone is undesirable, because a defendant no longer has to be served within the statute of limitations. All that is needed under 12 O.S.1991, § 2003 is the filing of the complaint within the statute of limitations and its service before the 180 day deadline in 12 O.S.1991, § 2004(I). *The [1993] amendments to section 2015(C) ... permit the relation back of an amendment to a petition as long as the proper defendant received notice of the lawsuit before the deadline in section 2004(I) expired....*

12 O.S.A. § 2015 (West 2003), Comment. (Emphasis added.) Authorities construing F.R.C.P. 15(c), the counterpart to our § 2015(C), are in accord. *See, e.g.,* Moore's Federal Practice, ¶ 15.15[4]; Wright, Miller & Kane, 6A Fed. Prac. & Proc. Civ.2d § 1498 (West 2003 Pocket Part). We are persuaded the federal authorities and the Oklahoma commentary set forth the proper construction of § 2015(C). *See, e.g., Prough v. Edinger, Inc.,* 1993 OK 130, ¶ 6, 862 P.2d 71, 74[2]; *Shores v. First City Bank Corp.,* 1984 OK 67, ¶ 5, 689 P.2d 299, 301.[3]

¶ 10 In the present case, Ford timely filed her original petition, but misnamed Wyatt, Josh's father, as party defendant. The amended claim against Josh arose out of the same occurrence or transaction. Josh received notice of the claim within the time for service of process prescribed by § 2004(I) and knew or should have known that but for the misnomer of his father, the claim should have been brought against him. Josh has neither alleged nor proven *actual* prejudice to his defense of the action by his proper denomination as party defendant. *See, Prough,* 1993 OK 130, ¶ 13, 862 P.2d at 77.[4]

---

2. Because "[t]he Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, ... we may look to federal authority for guidance in applying its provisions."

3. "[W]e may rely upon federal authorities insofar as they relate to the ... correspond[ing] [sections] of our statute."

4. "Prejudice refers to the inconvenience and delay suffered when new issues are raised or new parties introduced, not that which is caused by a defeat on the merits. (Citations omitted.) Requiring a party to litigate issues ... present at the outset of litigation had the parties raised them cannot be considered prejudicial."

¶ 11 By force of § 2015(C), we consequently hold Ford's amendment to correct the misnomer of parties relates back. The trial court erred in granting Josh's motion for summary judgment. The order of the trial court is REVERSED and the cause REMANDED for further proceedings.

ADAMS, P.J., and BUETTNER, J., concur.