2005 OK CIV APP 26

Cynthia BLUEJACKET,
Plaintiff/Appellant,

v.

CITY OF TULSA, A Municipality,
Defendant/Appellee.

No. 100,510.

Court of Civil Appeals of Oklahoma,
Division No. 3.

March 11, 2005.

Joseph T. Howard, Howard & Associates, Tulsa, OK, for Appellant.

Martha Rupp Carter, City Attorney, Robert R. Edmiston, Assistant City Attorney, Tulsa, OK, for Appellee.

Opinion by LARRY JOPLIN, Presiding Judge:

¶ 1 Plaintiff/Appellant Cynthia Bluejacket (Plaintiff) seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee City of Tulsa, A Municipality (City), in Plaintiff's action for review of the revocation of her license as a massage therapist. Having reviewed the record, we hold the order of the trial court should be and hereby is reversed, and the cause remanded for further proceedings.

¶ 2 From the abbreviated record before us, it appears that Plaintiff, a massage therapist licensed by City, was alleged to have violated Tulsa Revised Ordinances, Title 21, Chapter 13, § 1312(A)(5).[1] After an administrative hearing on or about September 9, 2003, the director of the City Department of Finance revoked Plaintiff's license. Plaintiff appealed to the City Council.

¶ 3 On October 16, 2003, the City Council convened for a regular meeting, and considered Plaintiff's appeal. According to the minutes of that meeting—the only memorial of the City Council's action—Plaintiff "stipulated to the police report," and on that basis, her license was revoked, while Plaintiff maintained that she "was only answering phones on the day the paraphernalia was found in her purse, [that] she was not performing massages[,][and] there were no statements indicating [she] had knowledge of or encouraged illicit activity." On consideration of the

---

1. Title 21, Chapter 13, Tulsa Revised Ordinances, governs the licensure and conduct of massage therapists. Section 1312(A)(5) of Title 21 provides:

     Acts of prostitution, lewdness, or related unlawful or improper sexual behavior shall not be performed or permitted by any licensee.

The possession by a licensee of any sexual paraphernalia such as but not limited to condoms, vaginal lubricants, adult toy devices designed for sexual gratification, or the like, while performing a massage shall constitute a rebuttable presumption of improper sexual behavior.

matter, the City Council voted to deny the appeal.

¶4 On November 14, 2003, Plaintiff filed her petition for review in the trial court, naming "City Council Department of Finance" as defendant. On December 2, 2003, City filed a special appearance and motion to dismiss.

¶5 On December 8, 2003, Plaintiff filed her first amended petition, naming "City of Tulsa, A Municipality" as defendant. On December 16, Plaintiff obtained service of her amended petition on the City Clerk and City Attorney.

¶6 On December 17, City filed another "Special Appearance Motion to Dismiss and Brief in Support." On December 19, City filed an amended "Special Appearance Motion to Dismiss and Brief in Support," asserting: (1) Plaintiff's misnomer of parties in her initial petition, incorrectly naming "City Council Department of Finance" as defendant instead of the proper party, City; (2) her failure to serve the initial petition on the proper service agent of the City, the municipal clerk; and (3) the untimely filing of her amended petition correctly naming the proper defendant more than thirty days after "issuance of the City Council's order sustaining the revocation of her license," contrary to the filing requirement of 12 O.S. § 951(b), all depriving the trial court of jurisdiction to consider her appeal.

¶7 On January 8, 2004, Plaintiff filed a motion to strike City's motion to dismiss, asserting correction of the misnomer of parties by the amended petition, proper and timely service of the amended petition on both the City Clerk and City Attorney within one-hundred-eighty (180) days after filing of the original and amended petitions as required by 12 O.S. § 2004(I), and relation back of her amended petition to the time of filing of her initial petition under 12 O.S. § 2015. On February 20, 2004, Plaintiff filed a supplemental brief in response to City's motion to dismiss, asserting that the City Council never issued a final judgment or order denying her appeal, and that the minutes of the Regular Meeting of the City Council neither contained a certificate of mailing, nor constituted a "judgement or final order" as to trigger the thirty-day filing requirement of § 951(b).

¶8 On consideration of the parties' briefs and arguments at hearing on February 26, 2004, the trial court granted City's motion to dismiss on the cited authority of § 951. That section provides:

(a) A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law.

(b) Unless otherwise provided by law, proceedings for review of a judgment or final order shall be commenced by filing a petition in the district court of the county where the inferior tribunal, board or officer rendered the order within thirty (30) days of the date that a copy of the judgment or final order is mailed to the appellant, as shown by the certificate of mailing attached to the judgment or final order.

12 O.S.2001 § 951.

¶9 In the present case, the parties do not dispute that the decision of the City Council to reject Plaintiff's appeal from the administrative revocation of her license was subject to judicial review under § 951. City argued the October 16, 2003 decision of the City Council, reflected by the Regular Meeting Minutes of that date, constituted a final order triggering the § 951 30–day period for filing of the petition for review.

¶10 It appears that the only memorial of the City Council's decision [2] is the Minutes of the City Council's Regular Meeting, but the Minutes included in the record before us reflect no mailing of the decision to Plaintiff, required by § 951 to trigger the 30–day period for filing of the petition for review. Under these circumstances, City can hardly complain of the commencement of an action for review of the adverse City Council decision of which, the record reflects, Plaintiff

---

·2. Plaintiff avers in her petition in error that the City Council never issues a written judgment or final order in these types of cases as a matter of economy.

received no mail notice as to trigger her § 951 appeal time.

¶ 11 Moreover, the record clearly bears out that, in spite of the apparent failure of mailed notice of the Council's disposition of her appeal, Plaintiff commenced the instant action for judicial review by filing of her petition on November 14, 2003, twenty-nine days after the City Council's decision to deny her appeal, and within the § 951 30–day period for filing of her petition for review.

¶ 12 It would consequently appear that Plaintiff timely commenced the instant action for review under § 951 unless Plaintiff's amendment to correct the misnomer of the party defendant does not relate back. In this respect, § 2015 provides:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> . . . .
>
> 3. The amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:
>
> a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

12 O.S. § 2015(C)(3).

¶ 13 In the present case, City obviously received notice of the November 14 filing of Plaintiff's initial petition as evidenced by its first Special Appearance Motion to Dismiss filed December 2, and City then knew or should have known that, but for the misnomer of the party defendant, the action would have been brought against it. *See also, Ford*

*v. West,* 2003 OK CIV APP 94, 78 P.3d 1245. Upon notice of the misnomer of the proper party defendant, Plaintiff promptly amended her petition to correct the misnomer, and obtained service of her amended petition, properly naming City as defendant, on the City Clerk, the proper service agent for City under 11 O.S. § 22–103,[3] within the time prescribed by § 2004(I). Plaintiff's amended petition to correct the misnomer of party defendant City relates back to the time of filing of her initial petition under the express terms of § 2015(C).

¶ 14 Plaintiff timely filed her petition for review within thirty days of the disposition of her appeal by the City Council, and her amended petition to correct the misnomer of City as party defendant relates back to the time of filing of her initial petition. The order of the trial court dismissing her action is REVERSED and the cause REMANDED for further proceedings.

HANSEN, J., and BUETTNER, C.J., concur.

---

**3.** "Any notice or process affecting a municipality shall be served upon the municipal clerk, or in

his or her absence then upon a deputy municipal clerk or upon the mayor."