NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUSTIN R. VORHEES; KASSI L. BLANCHARD,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>ESURANCE INSURANCE SERVICES INC, foreign corporations doing business in the State of Washington,<br><br>        Defendant - Appellee. | No. 24-4512<br><br>D.C. No.<br>2:23-cv-00420-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted May 21, 2025
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Justin Vorhees and Kassi Blanchard ("Appellants") appeal the district court's

order granting summary judgment in favor of Esurance Insurance Services Inc.

("Esurance") on Appellants' claims for insurance bad faith and violations of the

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Washington Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA"). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo*. *See Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam).

The IFCA provides a cause of action for those who are "unreasonably denied a claim for coverage or payment of benefits by an insurer . . . ." Wash. Rev. Code § 48.30.015(1). Washington law recognizes that "an insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1276 (Wash. 2003). To prevail in a CPA action, a plaintiff must establish five elements, including: (1) an unfair or deceptive act or practice: (2) occurring in trade or commerce, which may be established by proving a violation of WAC 284-30-330. *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 529 (Wash. 1990).

Appellants contend that Esurance violated the IFCA and the CPA and committed insurance bad faith by: (1) failing to adequately investigate Vorhees' underinsured motorist ("UIM") claim and making an unreasonable offer; (2) failing to tender due and payable benefits; and (3) filing a counterclaim for fraud. We address each issue in turn and conclude that Appellants have not raised a genuine dispute of material fact. *See United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016).

2

1. There is no genuine issue of fact that Esurance acted unreasonably. Appellants contend that Esurance acted unreasonably in assessing the value of Vorhees' loss of earnings claim. But the only evidence of lost earnings that Appellants provided to Esurance before Esurance made its offer was Vorhees' business's profit and loss records for June to December 2018, handwritten payroll summaries from July 2018 to July 2019, and a victim impact statement. In his deposition, Vorhees stated that he was unsure how he came up with the numbers for his profit and loss records and admitted that his bookkeeping was incomplete and did not give an accurate picture of the business's activities from January 2019 on. After determining that this documentation was insufficient, Esurance repeatedly contacted Appellants' counsel to request additional supporting documentation, which was never provided. Esurance's offer was based on a lack of supporting documentation as a result of Vorhees' failure, and not a failure of the insurance company.

Appellants contend that they provided "substantial documentation and an economist report estimating Mr. Vorhees' losses at more than $40,000." They also contend that the expert report constitutes evidence that Esurance acted unreasonably. But the reports they cite, which were written after they filed suit against Esurance, do not provide evidence of what Esurance "knew or should have known at the time that the offer was made." *Heide v. State Farm Mut. Ins. Co.*, 261 F. Supp. 3d 1104, 1108 (W.D. Wash. 2017). Moreover, the expert report focuses on "what could have

3

been done," when the relevant inquiry is "what was actually done." *Hanson v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1110, 1117 (W.D. Wash. 2017).

Appellants also point to Esurance reducing its reserves as evidence of unreasonableness. But Esurance lowered its reserves based on its investigation, and Appellants do not explain how the readjustment is evidence of unreasonableness. *Cf. Miller v. Kenny*, 325 P.3d 278, 298 (Wash. Ct. App. 2014) (*maintaining* a high reserve while making low settlement offers may be unreasonable). Appellants also contend the use of the social media report of Vorhees was unreasonable, but they do not cite supporting case law or provide evidence that Esurance made an unreasonable offer as a result of the social media report.

2. Nor is there a triable issue of fact as to whether Esurance failed to tender due and payable benefits. Appellants rely on the unpublished portion of a Washington Court of Appeals case, *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500 (Wash. Ct. App. 2022), to contend that Esurance has a duty to tender undisputed amounts under its policy. But in *Beasley*, the claims adjusters who handled the plaintiff's claim both testified that they did not dispute that $10,000 was owed to the plaintiff. *Id.* at 506–07.

Here, none of Esurance's witnesses testified that Esurance's $55,676.78 offer was undisputed. While Esurance witnesses stated that Vorhees was entitled to UIM benefits and characterized the offer made by Esurance as "fair" and "reasonable,"

4

they also described the offer as "generous" and a "compromise," and Esurance's corporate representative noted that Esurance disputes that Vorhees is entitled to compensation for his loss of earnings claim. This is insufficient to infer that the $55,676.78 offer was an undisputed amount.

3. Finally, there is no triable issue that Esurance's counterclaim for fraud violates the IFCA or the CPA or is an act of insurance bad faith. "UIM coverage requires that a UIM insurer be free to be adversarial within the confines of the normal rules of procedure and ethics." *Ellwein v. Hartford Acc. & Indem. Co.*, 15 P.3d 640, 647 (Wash. 2001), *overruled on other grounds by Smith v. Safeco Ins. Co.*, 78 P.3d 1247, 1276 (Wash. 2003). While violating the rules of procedures and ethics may be evidence of bad faith, *see id.*, Appellants have not provided evidence sufficient to infer that Esurance's counterclaim is "unreasonable, frivolous, or unfounded" in violation of Fed. R. Civ. P. 11. Esurance's counterclaim, which alleges that its investigation contradicted both Vorhees' wage loss and his medical necessity claims, has at least some factual basis in Vorhees' social media report.

**AFFIRMED.**